# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>UNKNOWN REGISTRANT OF WWW.IMGMCASINO.COM,<br><br>　　　　　　Defendant. | Case No.: 2:14-cv-1613-GMN-VCF<br><br>**ORDER** |

　　　　Pending before the Court are the Motion for a Temporary Restraining Order, (ECF No. 7), and Motion for a Preliminary Injunction, (ECF No. 8), filed by Plaintiff MGM Resorts International ("MGM"). For the reasons set forth below, the Court will deny these Motions without prejudice.

　　　　This case centers upon allegations that Defendant, the unknown registrant of <www.imgmcasino.com>, has, *inter alia*, committed cybersquatting and trademark infringement through the creation and operation of its web site. (Compl., ECF No. 1).

　　　　"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

　　　　In the Ninth Circuit, "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." *Herb Reed Enterprises, LLC v.*

*Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) *cert. denied*, 135 S. Ct. 57 (2014).  "[T]he irreparable harm requirement for a permanent injunction in a trademark case applies with equal force in the preliminary injunction context." *Id.*; *see also Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, No. 13-16959, 2014 WL 5017851, at *1 (9th Cir. Oct. 8, 2014) ("The fact that [the plaintiff's] reputation *might* be harmed by the marketing of [the defendant's] products did not establish that irreparable harm to [the plaintiff's] reputation is *likely.*") (emphasis in original).  Accordingly, while "loss of control over business reputation and damage to goodwill could constitute irreparable harm," a court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Herb Reed,* 736 F.3d at 1250.

Here, Plaintiff has failed to present any evidence demonstrating a likelihood of irreparable harm.  Instead Plaintiff merely argues that:

> [T]he Defendant's unauthorized use of the MGM Mark to provide casino services constitutes a gross loss of control over MGM Resorts' reputation and goodwill because MGM Resorts may now be seen by the consuming public as having approved of, authorized, affiliated itself with, or sponsored Defendant's online casino services. For instance, if the Defendant cheats or defrauds players on its online casino, players may attribute those acts to MGM Resorts and tarnish MGM Resorts' stellar reputation. This loss of control over its goodwill and reputation is irreparable and MGM Resorts cannot be adequately compensated by an award of money damages alone.

(Mot. for TRO 7:11-18, ECF No. 7) (internal citations omitted).

Upon reviewing the photographs of the allegedly infringing web site, (Ex. B. to Mot for TRO at 2-9, ECF No. 7-3), the Court agrees that there is a strong possibility that consumers could incorrectly associate the products and services of <imgmcasino.com> with Plaintiff.  However, a showing of similarity combined with speculation regarding loss of control or damage to goodwill is insufficient to warrant a preliminary injunction under the binding authority of the Ninth Circuit. *See Herb Reed Enterprises*, 736 F.3d at 1250. ("[S]peculation on

future harm . . . does not meet the standard of showing 'likely' irreparable harm."). Plaintiff has failed to carry its burden because it has not provided evidence demonstrating that any consumer has incorrectly assumed that Plaintiff is somehow associated with Defendant's web site, and that such confusion might lead to reputational damage. The Court cannot grant Plaintiff's Motions without such a showing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 7) and Motion for Preliminary Injunction (ECF No. 8) are **DENIED without prejudice**.

**DATED** this 3rd day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court