# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, a Delaware corporation, | |
| Plaintiff, | 2:14-cv-01613-GMN-VCF |
| vs. | **ORDER** |
| UNKNOWN REGISTRANT OF WWW.IMGCASINO.COM, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for (1) Alternative Service of Complaint and Summons under Federal Rule of Civil Procedure 4(f)(3); (2) Holding that Federal Rule of Civil Procedure 4(m) Does not Apply to Service of Complaint and Summons; and (3) Alternatively, an Extension of Time for Service of Complaint and Summons (#13).

Plaintiff seeks an order permitting Plaintiff to serve the Defendant by email. Plaintiff also requests that the 120 days limit under FED. R. CIV. P. 4(m) to effectuate service upon the Defendant does not apply in this instance because Defendant is believed to be a foreign entity, or alternatively, for an extension of 120 days to serve Defendant.

**A.    Background**

This is an action by MGM Resorts International ("MGM Resorts" or "Plaintiff") for cybersquatting arising out of Defendant's alleged unauthorized and unlawful registration and use in commerce of MGM Resorts' federally registered "MGM" trademark in connection with Defendant's <www.imgmcasino.com> domain name (the "Infringing Domain Name") which Defendant allegedly uses in connection with the operation of an online casino.

**B.     Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The courts determine "good cause" on a case-by-case basis and, at a minimum, good cause means excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (defining "good cause" under Fed. R. Civ. P. 4(m)). To establish good cause, a plaintiff must show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*.

Federal Rule of Civil Procedure 4(f)(3) provides that: "Unless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States… by other means not prohibited by international agreement, as the court orders." Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The alternative method of service must, however, comport with due process. *Id.* at 1016. Due process requires that a defendant in a civil action be given notice of the action in a manner that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objections to it. *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make an appearance." *Id.* (citations omitted.) "[I]f . . . these conditions are reasonably met, the constitutional requirements are satisfied." *Id.* at 314-315 (emphasis added).

The district court may extend time for service of process retroactively after the 120-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**C.      Analysis**

Plaintiff's complaint was filed on October 1, 2014.  (#1).  The deadline to effectuate service of process was January 29, 2015. *Id*; Fed. R. Civ. P. 4(m).

In Plaintiff's instant motion, Plaintiff argues that good cause exists because service by email is the only reasonable method of service under the circumstances. Service by other means would be unreasonably long and uncertain. (#13 at 8).  Plaintiff believes that Defendant is located in Cambodia and Cambodia is not a part of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  Plaintiff asserts that Defendant used a privacy service when registering the Infringing Domain Name but would have been required to provide the registrar his/her contact information.  Plaintiff states that generally, the privacy service and domain registrar would forward legal pleadings to the contact information provided to them by the Defendant.  *Id.*  Plaintiff states that Defendant's website lists three email addresses that can be used to contact Defendant.   Given the circumstances, the court finds good cause exists for Plaintiff to serve Defendant via email.    This alternative method of service meets the due process requirement under Federal Rule of Civil Procedure 4(f)(3).  The Ninth Circuit has determined that service of a summons and complaint by e-mail is an effective method of service upon a cybersquatter.  *See Rio Props.*, 284 F.3d at 1018.  Here, Defendant would receive the Summons and Complaint through the privacy service and the domain registrar. Defendant would also receive the Summons and Complaint via the email addresses listed on Defendant's online webpage.

The time to effectuate service upon the Defendant has expired, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. See Fed. R.  Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (defining "good cause" under Fed. R. Civ. P. 4(m)); *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).  The court finds that good cause warrants extending the service of process deadline for an

1  additional 120 days.  Defendant would suffer no prejudice and plaintiff would be severely prejudiced if
2  the complaint was dismissed.
3     Accordingly and for good cause shown,
4     IT IS ORDERED that Plaintiff's Motion for (1) Alternative Service of Complaint and Summons
5  under Federal Rule of Civil Procedure 4(f)(3); (2) Holding that Federal Rule of Civil Procedure 4(m) Does
6  not Apply to Service of Complaint and Summons; and (3) Alternatively, an Extension of Time for Service
7  of Complaint and Summons (#13) is GRANTED.  Plaintiff must file proof of service for Defendant on or
8  before June 17, 2015.
9     DATED this 17th day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE