# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

MGM RESORTS INTERNATIONAL,

               Plaintiff,

vs.

UNKNOWN REGISTRANT OF
WWW.IMGMCASINO.COM,

               Defendant.

Case No. 2:14–cv–1613–GMN–VCF

**ORDER**

MOTION FOR DEFAULT JUDGMENT AND
PERMANENT INJUNCTION (#18)

This matter involves MGM Resorts International's trademark-infringement action against the unknown registrant of www.imgmcasino.com. *See* (Compl. (#1) at ¶¶ 24–29[1]). Before the court is MGM's Motion for Default Judgment and Permanent Injunction (#18). It is unopposed. For the reasons stated below, the court orders supplemental briefing on jurisdiction.

## I. BACKGROUND

The MGM Grand is a resort hotel and casino located on the Las Vegas Strip. (Compl. (#1) at ¶ 7). It features 6,852 guestrooms, 171,500 square feet of gaming space, five outdoor pools, luxury shopping, a spa and salon, the Cirque du Soliel's Kà show, world-renowned restaurants, lounges, a wedding chapel, expansive convention and meeting room space, nightclubs, and other amenities and attractions. (*Id.*)

Since 1973, MGM Resorts has continuously offered a wide variety of premium goods and services, including casino services, under the "MGM" trademark. (*Id.* at ¶ 8). Someone else, however, set up an English and Chinese language website, www.imgmcasino.com, and used the MGM mark to offer casino services online. (*See id.* at ¶¶ 15–23). The website offers specific online casino games, like baccarat.

---

[1] Parenthetical citations refer to the court's docket.

roulette, and various forms of card and dice games, and purports to allow visitors to participate in live casino games being played at a casino in Cambodia (*Id*. at ¶ 19).

MGM alleges that this conduct violates the Lanham Act, 15 U.S.C. § 1125(d), which prohibits a person from, *inter alia*, using another's registered trademark for profit. MGM commenced this action on October 1, 2014. The registrant of the allegedly infringing website was served, "is believed to be a foreign [national]" residing in Panama, and has failed to plead or otherwise defend. *See* (Mot. of Alt. Service (#13) at 1:26–7); (Summons #15); (Mot. Default J. (#18) at Ex. C). On March 18, 2015, the clerk of court entered default against the registrant. (Doc. #17). Now, MGM moves for default judgment and requests a permanent injunction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment. It states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the Clerk of Court enters a default, the plaintiff must petition the court to obtain a default judgment. FED. R. CIV. P. 55(b)(2).

Before considering whether default judgment should be entered, the court has "an affirmative duty" to ensure that it has personal jurisdiction over the defaulted defendant and subject-matter jurisdiction over the plaintiff's action. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). A judgment without jurisdiction is void. *Id*. (citations omitted). Generally, jurisdictional allegations must be plausible. *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) *cert. denied*, 14-119, 2014 WL 3817554 (U.S. Oct. 14, 2014). On a motion for default judgment, the court accepts the plaintiff's allegations as true. *Heidenthal*, 826 F.2d at 917–18.

### III. DISCUSSION

MGM predicates the court's subject-matter jurisdiction on 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." MGM's complaint seeks relief under the Lanham Act, 15 U.S.C. § 1125(d), which is a law of the United States. *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014). Additionally, the Lanham Act itself "grants the federal district courts original jurisdiction over all actions arising under it." *Id.* (citing 15 U.S.C. § 1121(a)); *see also Steele v. Bulova Watch Co.*, 344 U.S. 280, 286 (1952) (stating that the Lanham Act creates a "broad jurisdictional grant"). The pertinent part of MGM's complaint is based on the provision of the Lanham Act codified at 15 U.S.C. § 1125, which "protects against infringement of unregistered marks and trade dress as well as registered marks."

In a typical trademark-infringement action, the court's subject-matter inquiry would end here. This case, however, that may[2] involve the extraterritorial application of the Lanham Act (*i.e.*, "application of the Act to activity (such as sales) of a defendant outside the territorial boundaries of the United States"). *McBee v. Delica Co.*, 417 F.3d 107, 116 (1st Cir. 2005); *see also Reebok Int'l, Ltd. v. Marnatech Enters.*, 970 F.2d 552, 554–57 (9th Cir. 1992); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977). An additional inquiry is necessary. *McBee*, 417 F.3d at 116.

 "It is a general principle that one state cannot require a person to do an act in another state that is prohibited by the law of that state or by the law of the state of which he is a national, nor can the person be required to refrain from an act that is required." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1392 (9th Cir. 1995) (internal quotation marks omitted) (quoting Restatement (Third) of the Foreign Relations Law of the United States § 441(1)(a) (1987)). And, it is a longstanding principle of

---

[2] *See* (Doc. #13 at 1:26–7) ("Defendant is believed to be a foreign entity"); *see also* (Doc. (#18) at Ex. C) (identifying the registrant as a resident of Panama).

American law that Congressional enactments "apply only within the territorial jurisdiction of the United States," unless "a contrary intent appears." *Equal Emp't Opportunity Comm'n v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991).

The Supreme Court has determined that the Lanham Act may reach extraterritorial conduct, but it has not established a test governing the Act's extraterritorial application. *Id.* at 252–53; *Steele v. Bulova Watch Co.*, 344 U.S. 280 (1952). The circuit courts have established a variety of tests for determining when extraterritorial application of the Lanham Act is appropriate. *See McBee*, 417 F.3d at 117 (collecting cases). In the Ninth Circuit, courts apply a "rule of reason" test that requires the plaintiff to show (1) some effect on United States commerce, (2) an effect that is sufficiently great to be a cognizable injury to plaintiff under the Lanham Act, and (3) the interests and links to American commerce must be sufficiently strong in relation to those of other nations to justify, in terms of comity, an extraterritorial application of the Act. *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1395 (9th Cir. 1985) (citing *Timberlane Lumber Co. v. Bank of Am.*, 549 F.2d 597 (9th Cir. 1977)).

The first two requirements are met here. The factual allegations of MGM's complaint are accepted as true, *Heidenthal*, 826 F.2d at 917–18, and state that (1) MGM "has spent millions of dollars advertising, marketing, and promoting its goods and services under the MGM mark since at least December 1, 1973," (2) Defendant's infringing domain name "lure[s] prospective gamblers to overseas online casinos not owned, operated by, approved of, affiliated with, or sponsored by MGM Resorts or the MGM Grand," and (3) Defendant's conduct caused MGM "to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill." (Compl. (#1) at ¶¶ 8, 16, 29).

Courts routinely find that the sale of an infringing product in a foreign country, as alleged here, has a sufficient effect on commerce to invoke Lanham Act jurisdiction. *Reebok Intern., Ltd. v. Marnatech Enter., Inc.*, 970 F.2d 552, 554-55 (9th Cir. 1992); *Ocean Garden, Inc. v. Marktrade Co.*,

4

953 F.2d 500, 503 (9th Cir. 1991) (finding subject-matter jurisdiction where the plaintiff lost "millions of dollars in revenues through trademark infringement").

The third requirement—(*viz.*, "the interests and links to American commerce must be sufficiently strong in relation to those of other nations to justify, in terms of comity, an extraterritorial application of the Act")—involves the balancing of seven factors:

> [T]he degree of conflict with foreign law or policy, the nationality or allegiance of the parties and the locations or principal places of business of corporations, the extent to which enforcement by either state can be expected to achieve compliance, the relative significance of effects on the United States as compared with those elsewhere, the extent to which there is explicit purpose to harm or affect American commerce, the foreseeability of such effect, and the relative importance to the violations charged of conduct within the United States as compared with conduct abroad.

*Reebok*, 970 F.2d at 555 (quoting *Timberlane*, 549 F.2d at 614).

An analysis of these factors may support the court's exercise of subject-matter jurisdiction. These factors were not briefed by MGM and the court is not in a position to determine on its own whether these factors are satisfied here. Supplemental briefing is required.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that MGM submit supplemental briefing on subject-matter jurisdiction and the application of the Lanham Act to Panama and any other person or entity against whom relief is sought in this matter by June 29, 2015.

IT IS SO ORDERED.

DATED this 15th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE