UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-1613-GMN-VCF |
| vs. ) | |
| ) | ORDER |
| UNKNOWN REGISTRANT OF ) | |
| WWW.IMGMCASINO.COM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Cam Ferenbach. (ECF No. 22). Plaintiff MGM Resorts International ("Plaintiff") filed an Objection, (ECF No. 23), to which Defendant Unknown Registrant of www.imgmcasino.com ("Defendant") did not respond.[1] For the reasons discussed below, the Court will adopt Judge Ferenbach's R&R in full.

I. **BACKGROUND**

The Court accepts the Magistrate Judge's recitation of the background facts as stated in the R&R and adopts them. Judge Ferenbach recommended that the Court enter default judgment against Defendant, award statutory damages to Plaintiff, and deny Plaintiff's request for a permanent injunction. (R&R 23:7-13, ECF No. 22). Plaintiff filed an objection only to the recommendation that the Court deny the request for a permanent injunction. (ECF No. 23).

II. **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo*

---

[1] Defendant's response was due August 7, 2015, ten days after Plaintiff's objections were filed. LR IB 3-2(a).

determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

## III.  DISCUSSION

### A.  *Permanent Injunction*

Plaintiff objects to Judge Ferenbach's recommendation to deny a permanent injunction against Defendant.  To obtain a permanent injunction, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014).  Particularly, "[A]ctual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) *cert. denied*, 135 S. Ct. 57 (2014).  Assertions may not be "cursory and conclusory" or "grounded in platitudes rather than evidence[.]" *Id.* At 1250.[2]

Plaintiff maintains that it has shown actual irreparable harm because it has submitted a declaration stating, "MGM Resorts has lost control over the reputation and goodwill represented by the MGM mark . . . this loss of control over its goodwill and reputation is irreparable[.]" (Chaparian Decl. ¶ 17, ECF No. 7).  The Court must take all of Plaintiff's allegations as true in a default judgment. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th

---

[2] Although the plaintiff in *Herb Reed* requested a preliminary injunction rather than a permanent injunction, the Ninth Circuit has found that the standard for preliminary injunctions and permanent injunctions are "essentially the same[.]" *Herb Reed*, 736 F.3d at 1249 (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

Cir. 1977).  However, a default judgment does not relieve Plaintiff of its burden to provide factual allegations for the Court to take as true.  Merely stating that Plaintiff has suffered irreparable harm is not a demonstration of irreparable harm as required by the Ninth Circuit. *Herb Reed Enterprises, LLC,* 736 F.3d at 1249.  Thus, Plaintiff has provided the Court only with conclusory assertions rather than a sufficient factual basis to support a permanent injunction.  Accordingly, Plaintiff's request for a permanent injunction is denied.

### B.  Transfer of the Domain Name

One issue remains to be addressed: Plaintiff asks the Court to order the transfer of the infringing domain.  Courts may use their discretion to determine whether to transfer domain names to the trademark owners in cybersquatting cases. 15 U.S.C. § 1125(d)(1)(C).  Based on the allegations of Defendant's infringement, the Court finds that a transfer of the domain name, <www.imgmcasino.com>, to Plaintiff is appropriate.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 22), is **ACCEPTED** and **ADOPTED** to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that MGM's Motion for Default Judgment and Permanent Injunction, (ECF No.18), is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that MGM's request for default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that MGM is awarded the maximum statutory damages against Defendant in the amount of $100,000.00 and postjudgment interest on the principal sum at the judgment rate from the date of entry of the Judgment until paid in full.

**IT IS FURTHER ORDERED** that MGM's request for a permanent injunction is **DENIED**.

**IT IS FURTHER ORDERED** that the infringing domain name,

<www.imgmcasino.com>, shall be transferred to Plaintiff.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 23rd day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge